**Ivan R. Novich, Esq. (N.J. Bar No. 038311996)**
**Rachel Simone Frey, Esq. (N.J. Bar No. 217592017)**
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant Wayfair LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARRYL GAINES,<br><br>            Plaintiff,<br><br>vs.<br><br>WAYFAIR, LLC; and JOHN DOES 1-5 AND 6-10,<br><br>            Defendants. | Civil Action No.  1:21-cv-15843<br><br><br>**NOTICE OF REMOVAL**<br><br><br>**<u>Electronically Filed</u>** |

**TO:    THE CLERK AND THE HONORABLE JUDGES**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

Defendant Wayfair LLC ("Wayfair" or the "Company") hereby files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey, from the New Jersey Superior Court, Law Division, Burlington County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and in support thereof allege:

### <u>INTRODUCTION</u>

1.      Plaintiff Darryl Gaines ("Plaintiff"), commenced this action on or about July 14, 2021 by filing a Complaint in the Superior Court of New Jersey, Law Division, Burlington County, captioned *Darryl Gaines v. Wayfair, LLC; and John Does 1-5 and 6-10* bearing Docket

No. BUR-L-1514-21 (the "State Court Action").  The State Court Action is now pending in that court.

2.      Wayfair was served with the Summons and Complaint on or about July 22, 2021. This Notice of Removal is filed within 30 days of that date, as required by 28 U.S.C. § 1446(b).

3.      Collectively attached and incorporated as **Exhibit A** is a copy of all process, pleadings and orders served upon Defendant in the State Court Action, pursuant to 28 U.S.C. § 1446(a).

4.      The State Court Action is between citizens of different states and is a civil action over which the district courts of the United States have original jurisdiction by virtue of diversity jurisdiction granted by 28 U.S.C. § 1332.

5.      Specifically, Plaintiff is an individual and a citizen and resident of New Jersey. (**Exhibit A**, **Complaint, ¶ 1**). An internet search also revealed that Darryl Gaines resides in New Jersey.

6.      Defendant Wayfair is a limited liability company and SK Retail, Inc. is its sole member. (**Exhibit B,** corporation summary from the Massachusetts Secretary of State website for Wayfair LLC). SK Retail, Inc., a corporation, is incorporated in the State of Massachusetts and maintains a principal place of business in Boston, Massachusetts. (**Exhibit C**, corporation summary from the Massachusetts Secretary of State website for SK Retail, Inc.).  Accordingly, SK Retail, Inc. is deemed a citizen of Massachusetts. Because Wayfair LLC's sole member is a citizen of Massachusetts it is deemed a citizen of Massachusetts.

7.      The matter in controversy in the State Court Action exceeds the sum or value of $75,000, *see* 28 U.S.C. § 1332(a), computed on the following basis:

(a)     The Complaint filed by Plaintiff alleges violation of the New Jersey Law Against Discrimination ("NJLAD") and N.J.A.C. 12:70.   Plaintiff demands judgment for compensatory damages, punitive damages, interest, cost of suit, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just. (**Exhibit A**, **Complaint, pp. 4-7**).

(b)     According to a reasonable reading of the Complaint, the amount in controversy is in excess of $75,000.  *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

(c)     Plaintiff also seeks punitive damages.  "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy, and can aggregate these damages with the requested compensatory damages."  *See Goralski*, 2009 U.S. Dist. LEXIS 69042 at *15-16 (citing *Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004)) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages).

8.     This Notice of Removal is being filed in the United States District Court for the District of New Jersey, the district court of the United States for the district and division within which the State Court Action is pending, as required by 28 U.S.C. §§ 1441(a) and 1446(a).

9.     Upon filing of the Notice of Removal, Defendant gave written notice thereof to the Clerk, Superior Court of New Jersey, Law Division, Burlington County, under  28 U.S.C. §1446(d).  Attached and incorporated as **Exhibit D** is a copy of the Notice of Filing of Notice of

Removal, the original of which is being filed with the New Jersey Superior Court Clerk, Law Division, Burlington County.

10.     Upon filing of the Notice of Removal, Defendant also gave written notice thereof to Plaintiff's counsel, Kevin M. Costello, Esq., Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount Laurel, NJ 08054, pursuant to 28 U.S.C. § 1446(a) and § 1446(d).

11.     By filing this Notice of Removal, Defendant do not waive any defenses available to it at law, in equity or otherwise.

12.     If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

**WHEREFORE**, Defendant respectfully request that this action proceed in this Court as an action properly removed to it.

> **LITTLER MENDELSON, P.C.**
> Attorneys for Defendant Wayfair LLC
>
>
> By:_____/s/ *Rachel Simone Frey*_____
> Ivan R. Novich
> Rachel Simone Frey

Dated: August 21, 2021

# EXHIBIT A

**COSTELLO & MAINS, LLC**
By: Kevin M. Costello
Attorney I.D. No. 024411991
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| DARRYL GAINES, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| WAYFAIR, LLC; and JOHN DOES 1-5 | : | DOCKET NO: |
| AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff, Darryl Gaines, residing in Medford, New Jersey, by way of Complaint against the Defendants, says:

<u>Preliminary Statement</u>

This matter is brought under the New Jersey Law Against Discrimination ("LAD") alleging disability discrimination and perception of disability discrimination.  Claim is further brought pursuant to N.J.A.C.12:70 alleging unlawful termination.

<u>Identification of Parties</u>

1.      Plaintiff Darryl Gaines is, at all relevant times herein, a resident of the State of New Jersey and was an employee of Defendants.

2.      Defendant Wayfair, LLC is, at all relevant times, a business entity operating in the State of New Jersey and was Plaintiff's employer.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.      Defendant employed Plaintiff at the Cranbury, New Jersey location from in or around September 2020 until his unlawful termination on or about April 7, 2021.

5.      At all times, Plaintiff performed up to and beyond the reasonable expectations of his employer.

6.      On or about March 30, 2021, Plaintiff reported to work but believe he was suffering from allergy symptoms.

7.      Upon drinking a soda, Plaintiff discovered that he was unable to taste or smell.

8.      Plaintiff informed his Supervisor, Nick (last name unknown) of his symptoms and that he needed to leave in order to be tested for COVID-19.

9.      Plaintiff was tested for COVID-19 that afternoon.

10.     On or about April 2, 2021, Plaintiff was informed that he had tested positive for COVID-19.

11.     Thereafter, Plaintiff notified both Nick and Human Resources of his positive test results.

12.     Plaintiff's positive COVID-19 diagnosis constitutes a disability under the LAD.

13.     In addition and/ or in the alternative, Defendant perceived Plaintiff as disabled given his positive COVID-19 diagnosis.

14.     Plaintiff received a telephone call from Human Resources representative Madison Irons instructing him to quarantine for a two week period.

15.     On or about April 6, 2021, Plaintiff contacted Nick to inquire about his specific return to work date.

16.     Nick advised Plaintiff that he would be contacted by Human Resources.

17.     On or about April 7, 2021, Ms. Irons contacted Plaintiff and terminated his employment.

18.     Any reason given for Plaintiff's termination is pretext.

19.     A determinative and/or motivating factor in Plaintiff's termination was Plaintiff's disability.

20.     In addition and/or in the alternative, the determinative and/or motivating factor in Plaintiff's termination was Defendants' perception of Plaintiff as disabled.

21.     Plaintiff's termination was in violation of N.J.A.C.12:70 which prohibits an employer from terminating an employee, "if the employee requests or takes time off… because the employee has, or is likely to have, an infectious disease, which may infect others at the employee's workplace".

22.     Plaintiff contends that the notification of its COVID-19 positive test results is, in it of itself, a medical document.

23.     Further, on or about October 20, 2020, New Jersey Governor, Philip Murphy issued Executive Order 192 which required employers subject to the New Jersey Earned Sick Leave Law, New Jersey Family Leave Act, N.J.S.A.34:11d-12 and/or Federal Leave laws must continue to follow the requirements of the law, including by allowing individuals to use accrued leave in the manner permitted by law and employee policy, when requiring employees to leave the workplace.

24.     Upon information and belief, Plaintiff is subject to both the New Jersey Earned Sick Leave Law and the New Jersey Family Leave Law.

25.     As the result of the actions of Defendant, Plaintiff has been forced to suffer economic and emotional harms.

26.     Because the action of Defendant was willfully egregious and because members of upper management participated in and were willfully indifferent to the same, punitive damages are warranted.

## COUNT I

### Disability Discrimination Under the LAD

27.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 26, as though fully set forth herein.

28.     For the reasons set forth above, the Defendants are liable to Plaintiff for disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT II

### Perception of Disability Discrimination Under the LAD

29.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 28, as though fully set forth herein.

30.     For the reasons set forth above, the Defendants are liable to Plaintiff for perception of disability discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT III

### Violation of N.J.A.C.12:70

31.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 30, as though fully set forth herein.

32.     For the reasons set forth above, Defendants terminated Plaintiff's employment in violation of the N.J.A.C.12:70 such that they are liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

## COUNT IV

### Request for Equitable Relief

33.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 32 as though fully set forth herein.

34.     Plaintiff requests the following equitable remedies and relief in this matter.

35.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

36.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

37.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

38.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

39.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

40.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

41.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By:   */s/ Kevin M. Costello*

Dated:  July 14, 2021                                   **Kevin M. Costello**

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause  of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

**By:   _/s/ Kevin M. Costello_**
                **Kevin M. Costello**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

**By:   _/s/ Kevin M. Costello_**
                **Kevin M. Costello**

## RULE 4:5-1 CERTIFICATION

1. I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2. I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

**By:** */s/ Kevin M. Costello*
**Kevin M. Costello**

## DESIGNATION OF TRIAL COUNSEL

Kevin M. Costello, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, LLC**

**By:** */s/ Kevin M. Costello*
**Kevin M. Costello**

# EXHIBIT B

### Corporations Division
#### Business Entity Summary

ID Number: 000973546

[Request certificate] [New search]

**Summary for: WAYFAIR LLC**

| | |
|---|---|
| The exact name of the Foreign Limited Liability Company (LLC): WAYFAIR LLC | |
| The name was changed from: CSN STORES LLC on 09-02-2011 | |
| Entity type: Foreign Limited Liability Company (LLC) | |
| Identification Number: 000973546 | |
| Date of Registration in Massachusetts: 03-17-2008 | |

**Last date certain:**

Organized under the laws of: State: DE Country: USA on: 03-14-2008

**The location of the Principal Office:**

Address: 4 COPLEY PLACE
City or town, State, Zip code, Country: BOSTON, MA 02116 USA

**The location of the Massachusetts office, if any:**

Address: 4 COPLEY PLACE
City or town, State, Zip code, Country: BOSTON, MA 02116 USA

**The name and address of the Resident Agent:**

Name: ENRIQUE COLBERT
Address: 4 COPLEY PLACE, FLOOR 7
City or town, State, Zip code, Country: BOSTON, MA 02116 USA

**The name and business address of each Manager:**

| Title | Individual name | Address |
|---|---|---|
| MANAGER | SK RETAIL, INC. | 4 COPLEY PLACE BOSTON, MA 02116 USA |

**The name and business address of the person(s) authorized to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property:**

| Title | Individual name | Address |
|---|---|---|
| | | |

☐ Consent   ☐ Confidential Data   ☐ Merger Allowed   ☐ Manufacturing

**View filings for this business entity:**

```
ALL FILINGS
Annual Report
Annual Report - Professional
Application For Registration
Certificate of Amendment
```

[View filings]

**Comments or notes associated with this business entity:**

[New search]



# EXHIBIT C

# Corporations Division

## Business Entity Summary

**ID Number: 043671804**          Request certificate          New search

**Summary for:  SK RETAIL, INC.**

| |
|---|
| **The exact name of the Domestic Profit Corporation:**  SK RETAIL, INC. |
| **The name was changed from:** CSN STORES, INC. **on** 09-01-2011<br>**The name was changed from:** SMART TECH TOYS, INC. **on** 02-12-2003 |
| **Merged with** CSN GREAT HILL, INC. **on** 12-31-2016<br>**Merged with** HV WAYFAIR, LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** MSIF-SCGP-WH LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** MSIMSCGT-WH LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** VIKING GLOBAL WR-A INVESTMENT LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** WF NHT I, LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** WF NHF I, LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** OTC WF HOLDINGS LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** WF USET I, LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** PRTN WF HOLDINGS LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** MIDCAP WF HOLDINGS LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016<br>**Merged with** MILM WF HOLDINGS LLC (Note: Entity is not registered in Massachusetts) **on** 12-31-2016 |
| **Entity type:**  Domestic Profit Corporation |
| **Identification Number:** 043671804          **Old ID Number:** 000818111 |
| **Date of Organization in Massachusetts:**<br>05-28-2002 |
| **Last date certain:** |
| **Current Fiscal Month/Day:** 12/31          **Previous Fiscal Month/Day:** 12/31 |
| **The location of the Principal Office:**<br><br>Address:  4 COPLEY PLACE<br><br>City or town, State, Zip code,          BOSTON,  MA   02116   USA<br>Country: |
| **The name and address of the Registered Agent:**<br><br>Name:     ENRIQUE COLBERT<br><br>Address:  4 COPLEY PLACE<br><br>City or town, State, Zip code,          BOSTON,  MA   02116   USA<br>Country: |
| **The Officers and Directors of the Corporation:** |

| Title | Individual Name | Address |
|---|---|---|
| | | |

| PRESIDENT | NIRAJ SHAH | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| TREASURER | MICHAEL FLEISHER | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| SECRETARY | ENRIQUE COLBERT | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| ASSISTANT SECRETARY | ANDREW OLIVER | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| ASSISTANT VP | DAVID TWEHUES | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| DIRECTOR | NIRAJ SHAH | 4 COPLEY PLACE BOSTON, MA 02116 USA |
| DIRECTOR | STEVEN CONINE | 4 COPLEY PLACE BOSTON, MA 02116 USA |

**Business entity stock is publicly traded:** ☐

**The total number of shares and the par value, if any, of each class of stock which this business entity is authorized to issue:**

| Class of Stock | Par value per share | Total Authorized | | Total issued and outstanding |
| --- | --- | --- | --- | --- |
| | | No. of shares | Total par value | No. of shares |
| CWP | $ 0.01 | 1,000 | $ 10.00 | 500 |

☐ **Consent**   ☐ **Confidential Data**   ☐ **Merger Allowed**   ☐ **Manufacturing**

**View filings for this business entity:**

ALL FILINGS
Administrative Dissolution
Annual Report
Application For Revival
Articles of Amendment
Articles of Charter Surrender

**View filings**

**Comments or notes associated with this business entity:**

**New search**

# EXHIBIT D

**Ivan R. Novich, Esq. (N.J. Bar No. 038311996)**
**Rachel Simone Frey, Esq. (N.J. Bar No. 217592017)**
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
Attorneys for Defendant Wayfair LLC

|  |  |
|---|---|
| DARRYL GAINES,<br><br>                           Plaintiff,<br><br>vs.<br><br>WAYFAIR, LLC; and JOHN DOES 1-5 AND 6-10,<br><br>                           Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BURLINGTON COUNTY<br><br>Docket No. BUR-L-1514-21<br><br>                Civil Action<br><br>**NOTICE OF FILING OF**<br>**NOTICE OF REMOVAL** |

**TO:**    Deputy Clerk of the Superior Court
          Central Processing Office
          Attn: Judicial Intake
          First Fl., Courts Facility
          49 Rancocas Rd.
          Mt. Holly, NJ 08060

**SIR OR MADAM:**

**PLEASE TAKE NOTICE** that, under to 28 U.S.C. §§ 1441 and 1446, Defendant Wayfair

LLC ("Wayfair" or the "Company") has filed a Notice of Removal of the above-captioned action in

the United States District Court for the District of New Jersey.

Attached and incorporated as **Exhibit A** is a copy of the Notice of Removal of this case.

Upon filing of this Notice of Filing of Notice of Removal, Defendant shall give written notice

thereof to Kevin M. Costello, Esq., Costello & Mains, LLC, 18000 Horizon Way, Suite 800, Mount

Laurel, NJ 08054, attorneys for Plaintiff Darryl Gaines.

Under 28 U.S.C. §1446(d), the filing of the Notice of Removal in the United States District

Court for the District of New Jersey, together with the filing of a copy of the Notice of Removal with

this Court, effects the removal of this action, and this Court may proceed no further unless and until

the action is remanded.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant Wayfair LLC


By: ___*/s/ Rachel Simone Frey*___
   Ivan R. Novich
   Rachel Simone Frey

Dated: August 20, 2021

**CERTIFICATION OF SERVICE**

I, Rachel Simone Frey, certify that on this date I caused a copy of this Notice of Filing of Notice of Removal (with a copy of the Notice of Removal attached) to be served via email and Federal Express, upon:

Kevin M. Costello, Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By:   */s/Rachel Simone Frey*
Rachel Simone Frey

Dated: August 20, 2021