Ivan R. Novich, Esq. (N.J. Bar No. 038311996)
Rachel Simone Frey, Esq. (NJ Bar No. 217592017)
**LITTLER MENDELSON, P.C.**
One Newark Center, 8th Floor
Newark, New Jersey  07102
973.848.4700
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DARRYL GAINES,<br><br>              Plaintiff,<br><br> vs.<br><br> WAYFAIR, LLC, and JOHN DOES 1-5 AND 6-10,<br><br>              Defendants. | Civil Action No. 1:21-cv-15843 NLH-AMD<br><br>**DEFENDANT'S ANSWER TO THE COMPLAINT** |

Defendant Wayfair LLC (improperly pled as "Wayfair, LLC") ("Wayfair" or "Defendant") responds to the allegations in the Complaint and Jury Demand ("Complaint") of Plaintiff Darryl Gaines ("Plaintiff" or "Gaines") as follows:

### As to Identification of Parties

1.      Defendant admits the allegations of Paragraph 1 of the Complaint.

2.      Defendant admits that it is a business that operates in New Jersey and employed Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to any remaining allegations in paragraph 2 of the Complaint.

3.      The allegations of Paragraph 3 constitute a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 3 of the Complaint.

## As to General Allegations

4.      Except to admit that Defendant terminated Plaintiff's employment on April 7, 2021, Defendant denies the allegations of Paragraph 4.

5.      Defendant denies the allegations of Paragraph 5 of the Complaint.

6.      Defendant denies the allegations of Paragraph 6 of the Complaint.

7.      Defendant denies the allegations of Paragraph 7 of the Complaint.

8.      Defendant denies the allegations of Paragraph 8 of the Complaint.

9.      Except to assert that Plaintiff provided Wayfair with a copy of his COVID-19 test result, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 9 of the Complaint.

10.     Except to admit that Plaintiff informed Defendant that he tested positive for COVID-19 on April 2, 2020, Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 10 of the Complaint.

11.     Defendant admits the allegations of Paragraph 11 of the Complaint.

12.     The allegations of Paragraph 12 constitute a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 12 of the Complaint.

13.     The allegations of Paragraph 13 constitute a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 13 of the Complaint.

14.     Except to admit that Madison Irons contacted Plaintiff after he sent his positive COVID-19 results to Wayfair, Defendant denies the allegations of Paragraph 14 of the Complaint.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 15 of the Complaint.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 16 of the Complaint.

17.    Defendant admits the allegations of Paragraph 17 of the Complaint.

18.    The allegations of Paragraph 18 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 18 of the Complaint.

19.    The allegations of Paragraph 19 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 19 of the Complaint.

20.    The allegations of Paragraph 20 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 20 of the Complaint.

21.    The allegations of Paragraph 21 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 21 of the Complaint.

22.    The allegations of Paragraph 22 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 22 of the Complaint.

23.    The allegations of Paragraph 23 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant refers to Executive Order 192, which speaks for itself.

24.     The allegations of Paragraph 24 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant refers to the New Jersey Earned Sick Leave Law and the New Jersey Family Leave Law, which speak for themselves.

25.     The allegations of Paragraph 25 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 25 of the Complaint.

26.     The allegations of Paragraph 26 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 26 of the Complaint.

### AS TO COUNT I
### Disability Discrimination Under the LAD

27.     Defendant repeats, realleges, and incorporates by reference its responses to the previous allegations of the Complaint as if set forth fully below.

28.     The allegations of Paragraph 28 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 28 of the Complaint.

To the extent that the wherefore clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that plaintiff is entitled to any damages or other relief whatsoever (including but not limited to any back and front pay, lost benefits, compensatory damages, emotional distress damages, punitive damages, interest, compensation for purported negative tax consequences, attorneys' fees, costs of suit, and any other relief).

**AS TO COUNT II**
**Perception of Disability Discrimination Under the LAD**

29.     Defendant repeats, realleges, and incorporates by reference its responses to the previous allegations of the Complaint as if set forth fully below.

30.     The allegations of Paragraph 30 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 30 of the Complaint.

To the extent that the wherefore clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that plaintiff is entitled to any damages or other relief whatsoever (including but not limited to any back and front pay, lost benefits, compensatory damages, emotional distress damages, punitive damages, interest, compensation for purported negative tax consequences, attorneys' fees, costs of suit, and any other relief).

**AS TO COUNT III**
**Violation of N.J.A.C. 12:70**

31.     Defendant repeats, realleges, and incorporates by reference its responses to the previous allegations of the Complaint as if set forth fully below.

32.     The allegations of Paragraph 32 constitute a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 32 of the Complaint.

To the extent that the wherefore clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that plaintiff is entitled to any damages or other relief whatsoever (including but not limited to any back and front pay, lost benefits, compensatory damages, emotional distress damages, punitive damages, interest, compensation for purported negative tax consequences, attorneys' fees, costs of suit, and any other relief).

**AS TO COUNT IV**
**Request for Equitable Relief**

33.     Defendant repeats, realleges, and incorporates by reference its responses to the previous allegations of the Complaint as if set forth fully below.

34.     The allegations in Paragraph 34 have been dismissed by stipulation.  Therefore, no response is required.

35.     The allegations in Paragraph 35 have been dismissed by stipulation.  Therefore, no response is required.

36.     The allegations in Paragraph 36 have been dismissed by stipulation.  Therefore, no response is required.

37.     The allegations in Paragraph 37 have been dismissed by stipulation.  Therefore, no response is required.

38.     The allegations in Paragraph 38 have been dismissed by stipulation.  Therefore, no response is required.

39.     The allegations in Paragraph 39 have been dismissed by stipulation.  Therefore, no response is required.

40.     The allegations in Paragraph 40 have been dismissed by stipulation.  Therefore, no response is required.

41.     The allegations in Paragraph 41 have been dismissed by stipulation.  Therefore, no response is required.

To the extent that the wherefore clause contains any allegations that require a response, Defendant denies them.  Defendant specifically denies that plaintiff is entitled to any damages or other relief whatsoever (including but not limited to any back and front pay, lost benefits,

compensatory damages, emotional distress damages, punitive damages, interest, compensation for purported negative tax consequences, attorneys' fees, costs of suit, and any other relief).

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which an award of punitive damages may be granted.

### THIRD DEFENSE

The Complaint fails to state a claim upon which an award of attorneys' fees may be granted.

### FOURTH DEFENSE

Plaintiff's claims, or the damages that he may recover, are barred or at least reduced by his failure to mitigate damages.

### FIFTH DEFENSE

To the extent that Defendant caused Plaintiff to sustain any adverse employment action, Defendant relied upon legitimate, non-discriminatory and non-retaliatory factors.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because he was not a qualified individual with a disability under applicable law.

### SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**EIGHTH DEFENSE**

At all times relevant to this action, Wayfair maintained and enforced policies prohibiting discrimination, harassment, and retaliation; provided procedures through which employees could notify it of violations and/or perceived violations of these policies; and, if necessary, promptly investigated complaints of discrimination, harassment, and/or retaliation and, if appropriate, took corrective action.   To the extent Plaintiff experienced or perceived discrimination and/or harassment, he failed to notify and failed to avail himself of the preventive corrective opportunities provided by Wayfair.  To the extent that plaintiff did notify Wayfair as to experienced or perceived discrimination and/or harassment, Wayfair promptly investigated same and took corrective action where appropriate.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies.

**TENTH DEFENSE**

Plaintiff's claims are in barred in whole or in part by the doctrines of laches, estoppel, unclean hands, after-acquired evidence, and/or waiver.

**ELEVENTH DEFENSE**

Any and all actions taken by Wayfair with respect to Plaintiff were based on legitimate non-discriminatory and non-retaliatory factors, and were made in good faith in compliance with applicable law.

**TWELFTH DEFENSE**

Plaintiff's damages, including his alleged emotional distress damages were not proximately caused by the actions of defendant.

## THIRTEENTH DEFENSE

Any damages sustained by Plaintiff were proximately caused by his own improper conduct, negligence, or omissions.

## FOURTEENTH DEFENSE

Insofar as plaintiff purports to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New Jersey Workers' Compensation Act, *N.J.S.A.* 34:15-1 *et seq.*

## FIFTEENTH DEFENSE

The Complaint fails because, regardless of any protected category or activity, Defendant would have taken the same employment actions based upon then-present legitimate, non-retaliatory, non-discriminatory business reasons.

## SIXTEENTH DEFENSE

Defendant reserves the right to pursue additional defenses as they become known.

**WHEREFORE**, Defendant requests judgment denying all of Plaintiff's claims for relief against them, dismissing the Complaint against them with prejudice, and granting an award of attorneys' fees and costs of suit.

## DEMAND FOR STATEMENT OF DAMAGES

Under Local Civil Rule 8.1, Defendant demands a written statement of the amount of damages claimed by plaintiff within fourteen days of service of the within Answer.

## <u>CERTIFICATION UNDER L. Civ. R. 11.2</u>

The undersigned counsel for Defendant certifies that to the best of her knowledge and belief, the above-captioned controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**LITTLER MENDELSON, P.C.**
Attorneys for Defendant

By: <u>*s/ Rachel Simone Frey*</u>
    Ivan R. Novich
    Rachel Simone Frey

Dated: November 15, 2021